UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
-------------------------------------------------------------X
**Elliona S. Brown, individually and on behalf of
of a class
Plaintiff,**

                                                                                                    Case No.

v.

**Navy Federal Credit Union
Defendant**
-------------------------------------------------------------X

**COMPLAINT- JURY TRIAL DEMAND**

1- Plaintiff resides in Georgia.

2- Navy Federal Credit Union ("Navy Federal") is a Virginia entity that conducts business in the state of Georgia.

3- This case is brought under the Fair Credit Billing Act (FCBA), 15 U.S.C. § 1666-1666j which provides grounds for the Court's exercise of jurisdiction.

4- The specific provision this case is brought under is Section 1666h(a) which states that subject to some exceptions not applicable in this case- "A card issuer may not take any action to offset a cardholder's indebtedness arising in connection with a consumer credit transaction under the relevant credit card plan against funds of the cardholder held on deposit with the card issuer."

5- Plaintiff opened a checking account ending in 4419 with Navy Federal Credit Union on a date earlier than January 1, 2022, and that same checking account was closed also before January 1, 2022.

6- Plaintiff also opened a consumer credit card with Navy Federal Credit Union in 2020 and defaulted on that credit card agreement.

7- In or about July of 2022, the IRS issued a tax refund to Plaintiff in an amount of approximately eight-thousand dollars.

8- Plaintiff had given the IRS directions as to where to send the refund.

9- The IRS mistakenly sent the refund not according to Plaintiff's instructions but rather to Plaintiff's previous Navy Federal Credit Union checking account which had been closed i.e., the account ending in 4419.

10- In violation of section 1666h(a) Navy Federal in some unknown way came into control of the misdirected funds and applied the funds to Plaintiff's defaulted credit card.

11- On or about August 23, 2022, a notice of claim and pre-suit notice was sent to Navy Federal by certified mail return receipt requested.

12- The letter explained the claim outlined in this lawsuit.

13- The letter requested Ms. Brown's complete file and requested a call if Navy Federal had any questions.

14- The return receipt shows that Navy Federal received this letter on August 29, 2022.

15- On September 8, 2022, Navy Federal responded "We are in receipt of the documentation you forwarded regarding your Navy Federal account(s). The documents that you sent are not valid and do not release you from your obligation to Navy Federal."

16- Based on this letter, Plaintiff did not believe that Navy Federal had even read Plaintiff's letter and she now turns to the Court for assistance.

17- Under 15 USC Section 1640, Navy Federal is liable to Plaintiff for the IRS refund that it unlawfully intercepted and $5,000 in statutory damages.

**CLASS ACTION ALLEGATIONS**

18- Plaintiff brings this lawsuit on behalf of a class.

19- The class is defined as those consumers who had, within the past year, a closed Navy Federal checking account where money was deposited into those accounts and the money was nevertheless applied to a consumer credit card debt without the consumer's consent.

20- Plaintiff believes that this a business practice of Navy Federal and on that basis alleges that there are at least 50 class members.

21- There are questions of law and fact common to the class i.e., whether Navy Federal uses deposits into a Navy Federal closed account to pay off the former owner of that account's credit card debt.

22- Plaintiff's claims are typical, indeed identical to the claims of other class members.

23- Plaintiff will fairly and adequately protect the interests of the class.

24- Plaintiff has retained counsel with experience and funds to prosecute this class action.

25- Questions of law or fact common to the class members will predominate over questions affecting individual members.

26- A class action is superior to other available methods for fairly and efficiently adjudicating this controversy as it will take an application of the same facts and law to prosecute plaintiff's claim as the classes claim.

27- There has been no other litigation concerning this issue to the best of Plaintiff's knowledge.

28- There likely will be no difficulty in managing the class as Defendant's records should show who is a class member and there are no anticipated difficulties.

29- Class members have no interest in individually controlling the prosecution of their own interests as it is difficult to find a lawyer and they likely do not know their rights but for this lawsuit.

30- Plaintiff requests that plaintiff and the class all be awarded the wrongfully applied money plus statutory damages of $5,000.

31- Plaintiff requests a jury trial under Rule 38.

Dated this 18th Day of Septmebr 2022.

Respectfully submitted,
By:/s/ Shimshon Wexler
S Wexler LLC
1118 Empire Rd.
Atlanta, GA 30329
212-760-2400
917-512-6132 (fax)
swexleresq@gmail.com